IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        NO. CR 97-395-JC

DOY LEE LEATHERWOOD,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO PROHIBIT USE OF VIDEOTAPE AT TRIAL

**THIS MATTER** comes before the Court on Defendant Leatherwood's Motion in Limine to Prohibit Use of Videotape at Trial filed February 23, 1998 [Doc. No. 21]. A hearing was held on this matter on March 12, 1998 in Las Cruces, New Mexico. At this hearing, the Government requested that the motion be styled as a motion to suppress in order to afford the parties an opportunity to appeal the Court's ruling. This request is well-taken and the motion will be considered as such. The Court did not rule immediately following the hearing on this matter as it had not had an opportunity to review the videotape in question. A copy of the tape was subsequently provided to, and reviewed by, the Court. The Court, having considered the motion, response, oral argument, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

    A Government agent placed an ad in a magazine entitled "Arizona Swingers" which read:

> Closer to home, you don't need to go to Thailand. Our close neighbor has all the delights if you know where and how. Ret. American living in Mexico willing to share with those who know how to show appreciation for finer enjoyments.

A man known as "Lee" responded to the ad and engaged in series of written correspondence with the Government agent. In these letters "Lee" expressed interest in receiving videotapes of young girls between the ages of 9-13 engaged in sexual acts with adults. The agent subsequently mailed "Lee" a list of videotape descriptions. From this list "Lee" selected a tape described as "Incest Family: Dad, Mom and lovely daughter of 12. Mom and daughter grope dad until erection. Mom sucks cock while daughter plays with dads balls. Then dad fuck thems both." The selected tape was delivered to Defendant's residence by Government agents and Defendant was arrested immediately thereafter and charged with receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2)(A) and (B) and 18 U.S.C. § 2256(1)(2)(A) and (E). Defendant denies that he is the "Lee" who authored the letters requesting the videotape.

Defendant's motion requests that the videotape be excluded from the trial on this matter. In support of his request, Defendant states that presentation of the videotape which contains graphic and offensive content would inevitably result in tremendous bias and prejudice against Defendant by members of the jury. Defendant has offered to stipulate that the tape in question contains depictions of sexual conduct and content violative of the provisions of 18 U.S.C. § 2252(a)(2)(A), as that conduct is defined in 18 U.S.C. § 2256(1) and (2)(A)&(E).

The Government rejects such a stipulation on the grounds that it is entitled to prove the elements of its case and that the videotape is necessary to establish that Defendant knowingly received illegal material and to demonstrate predisposition. While the Government is entitled to prove its case, the Court, pursuant to Rule 403, may limit the scope and use of evidence to prevent unfairness and prejudice at trial.

The Court finds that showing the videotape to the jury has limited probative value. Furthermore, the combination of Defendant's proposed stipulation that the video contains depictions which fall within the purview of the statutes charged, the letters written by "Lee," and the description of the videotape selected and ordered by "Lee," is sufficient to prove the elements of the crime.

The central issue in this case is not whether the depictions contained in the tape--which Defendant never viewed--violate 18 U.S. C. § 2252 but whether Defendant knowingly received this tape in violation of the law. The limited probative value of showing the extremely explicit and offensive tape to the jury is substantially outweighed by the danger of unfair prejudice. Excluding the tape allows the Government to prove its case while eliminating the significant risk that the jury will be unduly prejudiced by viewing the offensive and graphic content of the videotape.

**IT IS THEREFORE ORDERED** that pursuant to Rule 403 of the Rules of Evidence, Defendant's Motion to Prohibit Use of Videotape at Trial [Doc. No. 21] is hereby **GRANTED**.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**